IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS ANTHONY JEFFERSON, | ) | |
| | ) | |
| *Defendant/Petitioner*, | ) | |
| | ) | |
| v. | ) | No. CR-17-012-D |
| | ) | (No. CIV-19-201-D) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff/Respondent*. | ) | |

**O R D E R**

Before the Court is Marcus Anthony Jefferon's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 28]. In response, the United States asserts that Petitioner's motion is time-barred under 28 U.S.C. § 2255(f). [Doc. No. 31]. Petitioner has not responded in opposition to the United States' request that Petitioner's motions be dismissed as untimely, and the time within which to do so has elapsed. Upon examination of the parties' submissions and the case record, the Court finds that Petitioner's § 2255 motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was charged by Indictment, on January 18, 2017, with knowingly and intentionally possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment [Doc. No. 1]. On March 8, 2017, Petitioner appeared before the Court, petitioned to enter a guilty plea, and waived his right to a jury trial. *See* Plea Hearing Minute Entry [Doc. No. 16]; *see also* Petition [Doc. No. 17]; Waiver [Doc. No. 18]. Petitioner appeared for sentencing on July 26, 2017, and the Court sentenced him

1

to a term of eighty-one months, to run concurrently with the sentence imposed in Oklahoma County District Court Case CF-2016-8549. *See* Sentencing Transcript [Doc. No. 26] at 25. Petitioner did not appeal his sentence.

## DISCUSSION

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. 28 U.S.C. § 2255(f). The limitation period runs from the latest of four specified dates. *Id.* In most cases, the operative date for measuring the limitation period is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court imposed judgment on July 26, 2017, and the written judgment was filed on the docket the next day [Doc. No. 24]. Because no appeal was taken, the judgment became final 14 days later on August 10, 2017, when the time to appeal expired.[1] *See* FED. R. APP. P. 4(b); *see also United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). The one-year period for filing a motion under § 2255 began to run on August 10, 2017, and expired on August 13, 2018. *See United States v. Penn*, 153 Fed. Appx. 548, 550 (10th Cir. Nov. 10, 2005) (unpublished)[2] (concluding that the day of the act from which the designated period of time begins to run shall not be included and that the last day of the limitations period cannot be

---

[1] "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6).

[2] All unpublished opinions in this Order are cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

2

a Saturday, a Sunday, or a legal holiday). Petitioner waited until February 28, 2019, to file his motion.

To excuse his late filing, Petitioner essentially invokes the doctrine of equitable tolling. "Under the doctrine of equitable tolling, [the Court] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional circumstances.'" *United States v. Alvarado-Carrillo*, 43 Fed. Appx. 190, 192 (10th Cir. May 17, 2002) (unpublished) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). A prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

Petitioner argues that at the time of his conviction, he disagreed with his attorney on "certain matters in [his] case." Motion at 28. Petitioner alleges he was misinformed about his right to file a § 2255 motion to vacate and about the timing within which to do so. *Id*. Petitioner contends he was under the impression that he had no right to file such motion. *Id*.

In *Gomez v. Lebeya,* the petitioner argued equitable tolling should apply "because (1) he did not receive appointed counsel to help him file a habeas application, (2) the attorney who assisted him with his 35(b) motion did not advise him on how to file a habeas application, and (3) he is unfamiliar with the English language." 242 Fed. Appx. 493, 495 (10th Cir. 2007). The Tenth Circuit concluded Gomez failed to allege "extraordinary

3

circumstances warranting equitable tolling." *Id*.; *accord Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008). Petitioner, like Gomez, asserts that counsel misinformed him about his rights to file the instant motion, although Petitioner's claims of lack of access to the correct legal information pale in comparison to those analyzed under *Gomez*.

Certainly, the Tenth Circuit has recognized that "egregious attorney misconduct may constitute extraordinary circumstances that justify equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). But Petitioner's allegations do not suffice. In *Fleming*, the Tenth Circuit concluded an evidentiary hearing was required to determine whether a petitioner was entitled to equitable tolling. Fleming's counsel had failed "to move to withdraw his guilty plea" after being "hired nearly a full year in advance of the expiration of the filing deadline. Mr. Fleming contacted [counsel] several times over the course of the year, and counsel repeatedly assured Mr. Fleming that filing was forthcoming." *Id*. Petitioner's motion includes no such allegations, nor does Petitioner provide any evidence or support from which the Court might conclude that an evidentiary hearing on equitable tolling is required.

Further, in *U.S. v. Gabaldon,* the Tenth Circuit detailed the numerous actions a petitioner took in preparing his § 2255 motion, pointing to sworn and unsworn submissions before the district court. *Id*. at 1126. Gabaldon, in establishing due diligence, presented his own sworn statements asserting that he made multiple requests that his documents—which had been seized by prison officials—be returned before the deadline. *Id*. Even these documented steps, the Tenth Circuit noted, were insufficient to conclusively "establish his ultimate entitlement to equitable tolling." *Id*. at 1127.

4

Petitioner here does not attempt to establish a record comparable to the one described in *Gabaldon*. In fact, Petitioner's motion does not include any facts from which the Court might conclude he acted with reasonable diligence in pursuing his federal habeas claims. Petitioner includes a cursory explanation as to why he failed to appeal, stating that he was "trying to find the proper paperwork and also find the correct amendments that applied to [his] case." Motion at 28. To be entitled to equitable tolling, Petitioner must allege with specificity "the steps he took to diligently pursue his federal claims." *Id*. He has failed to do so here.

The government further argues that Petitioner's motion is procedurally barred and responds to Petitioner's constitutional arguments on the merits. Because the Court finds the motion is untimely, it does not reach these arguments.

## CONCLUSION

Petitioner has not established that he is entitled to equitable tolling, and as such, his motion is untimely. Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is not required where the "case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988). As Petitioner is entitled to no relief, an evidentiary hearing will not be required.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order

adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district courts resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 [Doc. No. 28] is **DENIED.** Petitioner's request for a hearing is **DENIED**. A COA is **DENIED**. Judgment shall issue accordingly.

**IT IS SO ORDERED** this 20th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge